## No. 109.

## Mrs. V. Faisans *v.* Minors Lovie.

1. Where one of two contiguous proprietors builds a wall between the properties, in accordance with the provisions of Civil Code, Art. 675, at his sole expense, such wall is the exclusive property of him who builds it, and so remains until the other contributes his share of the expense of its construction. C. C. 676, 683, 684.

2. The advantages flowing to a person from so contributing and making common what was before a private wall, is that such contributor may build against such wall, make cavities therein for the purpose of affixing his beams or joists, and affix to it any work, upon taking the precautions directed by law. C. C. Arts. 680, 685.

3. Unless such a private wall has been thus converted into one in common, the non-contributing neighbor has not the right to make any use thereof, however slight or immaterial.

4. Where, without pre-payment of his half of the expense of erecting such

a wall, the neighbor attempts to make use of the wall, its owner may prevent him from so doing.

5. If, however, such attempted use be not casual or trifling, the owner of the wall may suffer the same to proceed or continue, and recover from the non-contributing neighbor, his share of such portion of the wall as he may have applied to his service.

6. Where the owner of the soil, permits his tenant to build against a wall, which has not become a wall in common, the owner of such wall may look to the proprietor of the contiguous lot for payment of the proper contribution.

*Appeal from the Third District Court. Monroe, Judge.*

*Omer Veleré* for plaintiff, appellant.

*W. S. Benedict* and *F. W. Baker* for defendant.

McGLOIN, J.—Plaintiff and defendants are owners of contiguous properties in this city. Between the two there stands a partition wall of brick, erected at the sole expense of plaintiff, and for which defendants have paid no share.

The plaintiff claims that defendants, or their lessees, have erected certain buildings upon the property belonging to them, making use of said partition wall and rendering them liable for one-half of the value thereof.

The statement and documents, sent up with the record, establish the following facts, in addition to those already stated:

Defendants have rented their lot, with the privilege accorded their lessees of erecting buildings or other improvements, with the reserved right of removing the same at the expiration of their lease, if the lessors do not elect to purchase the same. These lessees have erected against the partition wall a long shed, resting on the side towards plaintiff's property, upon six or eight posts, twenty-six feet high. These posts simply rest upon the ground, and have no portion extending into or buried in the earth. The roof is made of tar and gravel, in composition, upon a foundation of paper, and at the point the paper is turned up a few inches and attached, by tar and paste, to the wall in question, forming a collar. The shed mentioned has no planking or partition towards the side of plaintiff's property, except her wall be considered as such.

Under our law, C. C., Art. 675, a person first building on a place, where there are no walls of brick or stone, may rest the centre of his wall exactly upon the line of division between his property and that of his neighbor, provided that he build in brick or stone, at least as high as the first story; and provided, also, that his wall does not exceed in thickness eighteen inches, with a further allowance for plastering of three inches. "But he cannot compel his neighbor to contribute to the raising of this wall."

A wall so built at the individual expense of one of the neighbors is, in its entirety, the sole and exclusive property of him who builds it. Jeannin v. DeBlanc, 11 La. Ann. 466; Lepage, Lois des Batiments, sec. 160, fol. 43; Rogron, Codes Annotés, art. 674; Dalloz, vol. 30, p. 200.

At any time, however, that the other neighbor may so desire, he has the right to make such wall one in common, by contributing his half of the expense of its construction. C. C. Arts. 676, 683. The advantage resulting to him from making such construction a wall in common, lies in the privilege of building against this wall, and, if necessary, causing his beams or joists to penetrate therein to within two inches of its thickness. C. C., Art. 680. He has also the right to make cavities in such wall, and to affix to it any work, upon adopting such precautions as are proper and necessary, according to the opinion of persons skilled in building, to secure his neighbor against injury resulting from the cavities or new work.

If these be the privileges flowing from the relation of ownership in common in such structures, it follows that unless this relation exists on behalf of a contiguous proprietor, the right cannot be claimed in his favor to make any cavity in such wall or affix any works thereto without the consent of the exclusive owner.

These provisions of our Code are adopted from the law of France, and the French authorities are explicit and emphatic upon this point. Lepage, Lois des Batiments, sec. 160, fo. 43, is to the following effect: "When a wall is not common, it is

well settled that the proprietor to whom it belongs has over it the exclusive right of use; the neighbor has not even the right of affixing thereto a trellis or other object, although the wall rests, without compensation to him, partly upon his lands; because the wall is the entire property of him who has constructed it." See also, to same effect, same author, No. 175, page 47.

So Rogron, Code Annotés, art. 674, holds : "But, if the wall belongs to the neighbor, he who wishes to build cannot attach thereto *any kind of work* before having acquired the right, or made the wall one in common." So, at the instance of Madame Ellevion, sole proprietress, the French courts compelled the Sieur Houbé to remove from such a wall a hedge-row of fruit trees (Espalier) set against the wall, and certain vines which rested thereon. Dalloz, vol. 30, p. 200.

It follows that the neighbor, who has not contributed to the wall, has no right, without the owners consent, to make any use thereof whatever; and the most simple structure, leaning against or attached to the wall, is a violation of the right of the owner as well as the sinking of rafters or joists therein, for the erection of large buildings. So, also, it is as much an exercise of the right which belongs to a joint proprietor to a wall in common.

It is true that the Code would seem to require a person desiring to make such a wall, one in common, to prepay his share of its cost, and until such prepayment, the exclusive proprietor can prevent the other from making use of the wall, but he may, if he so chooses, suffer the works to be completed, and, if they be not in character casual or trifling, proceed against the neighbor for his share of the cost; the clause requiring such prepayment being enacted in his interest. His neighbor has no right to avail himself of the wall in any manner without compensating the owner to an extent fixed by law, and the owner may treat the action of the other as an assumption of the character of owner in common, and an incurring of the obligation defined by law as accompanying

such assumption, and may demand payment in cash, or take a note, or otherwise deal with the debt, at his pleasure.

Under this view of the law, considering any act which is an exercise of the rights peculiar to ownership in common, as an assumption of this character, and of the legal responsibilities arising therefrom, we consider that by attaching the roof of this shed, whether by tar, paste or nails, to the wall in question, and building against it in such manner that it served to exclude the rain, and prevent the access of thieves or intruders of any kind, constituting a part of the enclosure, protecting the tools and property of the tenants, there was an exercise of the right of making this wall one in common, creating a liability in favor of the theretofore exclusive proprietress, if she chose so to construe it, waiving her right of prepayment. Costa v. Whitehead, 20 A. 341.

Courts are not at liberty to go beyond the fact of use and cast up accounts, striking a balance between the advantages and disadvantages resulting from the wall to the neighbor who did not at first contribute, and determine, upon such premises, a case like this. The disadvantages or damages, if any, resulting from such a wall, erected in conformity to the law, are matters of *damnum, absque injuria*, not to be demanded or made good, either directly or indirectly. On the other hand, by making any material use whatever of the wall, it is made, if the owner so desires, one in common, independent of the question as to the intrinsic value of this use to the party making it.

The question is presented, that the owners of the soil cannot be held liable for the constructions of their tenants. The Supreme Court has held differently in Auch *v.* Labouisse, 20 La. An. 553, and we think correctly. Whether the adjoining proprietor makes use of the wall for his own personal ends, or permits another to do so for himself, is no concern of the owner. The law accords no such right to strangers, but reserves it exclusively to the proprietor of the adjoining soil, and if the tenant avails himself of it, he does so by authority

of the lessor, and the liability to the owner is that of the latter. This privilege accorded the tenant,· it is to be presumed, enters into the consideration of the lease, and the lessor receives, in rent, compensation therefor. We believe, therefore, that the judgment appealed from is erroneous. The statement of facts fixes the share of defendants, if liable, at $398 38.

The judgment appealed from is, therefore, reversed, and it is now decreed that plaintiff have judgment against defendants jointly for three hundred and ninety-eight dollars and thirty-eight cents, with costs in.both courts.

Rehearing refused.